# ORIGINAL

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**FILED**

**FEB - 7 2014**

**U.S. COURT OF FEDERAL CLAIMS**

* * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA M. MORRIS SABIN,     *
                                  *    No. 13-624V
              Petitioner,     *    Special Master Christian J. Moran
                                  *
v.                                 *    Filed: February 7, 2014
                                  *
SECRETARY OF HEALTH       *    Entitlement; motion to dismiss;
AND HUMAN SERVICES,       *    H1N1 vaccine; timeliness of petition;
                                  *    equitable tolling.
             Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * *

Cynthia M. Morris Sabin, Genoa, IL, appearing pro se;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

Cynthia M. Morris Sabin seeks compensation through the National Childhood Vaccination Injury Compensation Program, 42 U.S.C. § 300aa–10 through 34 (2012). Her petition alleges that she received a "trivalent H1N1 AS03 Influenza vaccination" on November 3, 2009. She further alleges that this vaccination caused her to suffer narcolepsy with cataplexy. Ms. Morris Sabin filed her petition on August 29, 2013.

The Secretary filed a motion to dismiss the petition, presenting two arguments. First, the Secretary argues that the 2009 monovalent H1N1 vaccine is not a vaccine listed in the Vaccine Table. Second, the Secretary argues that although the trivalent seasonal influenza vaccine is covered, Ms. Morris Sabin filed her petition more than nine months beyond the time permitted in the statute of limitations.

Ms. Morris Sabin submitted two responses to the Secretary's motion to dismiss. However, neither response effectively rebuts the Secretary's basic arguments. Thus, for the reasons explained below, the petition is dismissed.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.  Facts

The parties do not dispute the basic chronology of events in Ms. Morris Sabin's medical history. With the exception of the type of vaccination Ms. Morris Sabin received, the petition and the medical records concur regarding the following chronology.

Ms. Morris Sabin was born in 1965. Pet. ¶ 1. In 2009, she was working as a nurse. Pet'r's First Resp., filed Oct. 10, 2013, ¶ 12.

On November 3, 2009, she received a vaccination. The petition, as previously mentioned, characterizes the November 3, 2009 vaccination as a "trivalent H1N1 AS03 Influenza vaccination." Pet. ¶ 3, citing exhibit 2. The cited record from Kishwaukee Community Hospital lists two vaccinations as occurring on November 3, 2009, "H1N1" and "INFLU." Exhibit 2. Of these, the former vaccination is highlighted.

According to the medical records filed as exhibits, Ms. Morris Sabin first sought medical attention on December 23, 2009. On that date, she complained about fatigue, confusion, dizziness, and headaches. Pet. ¶ 5; exhibit 3. Dr. Michelson did not record when these symptoms began.[2]

Ms. Morris Sabin sought care from different doctors. A neurologist, Mohammed K. Ghumra, suggested, on January 5, 2010, that Ms. Morris Sabin may be suffering from narcolepsy with cataplexy. Pet. ¶ 7, citing exhibit 5 at 32-33. The Secretary summarized many of the records relating to the treatments given to Ms. Morris Sabin. See Resp't's Mot. to Dismiss at 2-4. These later medical records, although exhibits in Ms. Morris Sabin's case, are not relevant to the issues in the Secretary's motion to dismiss.

II.  Standards for Adjudication

A special master may dismiss a petition for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6). To properly state a claim, the petitioner must provide "a short and plain statement of the claim, which shows that the petitioner is entitled to relief." Totes–Isotoner Corp. v. United States, 594 F.3d 1346 (Fed. Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint does not need detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

---

[2] As described in the Secretary's motion to dismiss, Ms. Morris Sabin provided information about when her symptoms began to other doctors. In these histories, the onset of her problems occurred closer to the date of vaccination, November 3, 2009, and, in one history, the problems began on the date of vaccination.

However, determining exactly how soon after vaccination Ms. Morris Sabin started to have problems is not necessary for deciding the issues raised in the Secretary's motion. It is sufficient to note that by December 23, 2009, Ms. Sabin was seeking medical attention.

III.     Analysis

The parties' briefs raise three issues. First, whether the Vaccine Program may compensate a petitioner for an injury caused by the monovalent H1N1 vaccine given in 2009. Second, whether Ms. Morris Sabin filed a claim based upon a trivalent seasonal influenza vaccine within the time permitted by the statute of limitations. Third, and related to the second issue, whether Ms. Morris Sabin may rely upon the doctrine of equitable tolling to save an otherwise untimely filed petition.

A.   Monovalent H1N1 Vaccine

When a court's power to consider a petition is challenged, the court looks to the true nature of the cause of action. Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1372 (Fed Cir. 2005). Further, pleadings of pro se petitioners are construed broadly. Durr v. Nicholson, 400 F.3d 1375, 1380 (Fed. Cir. 2005); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1359 n.2 (Fed. Cir. 2007) (Dyk, J.) (concurring in part and dissenting in part).

Although the petition suggests that Ms. Morris Sabin received a single vaccine on November 3, 2009, see Pet. ¶ 3, the vaccination record shows that she was given two different vaccines. One vaccine was for H1N1. The other vaccine was a seasonal vaccination for influenza. Ms. Morris Sabin claims that the H1N1 vaccine caused her narcolepsy with cataplexy. See Pet. ¶ 14; Pet'r's First Resp. ¶¶ 25, 30-33, 35; Pet'r's Second Resp., filed Oct. 24, 2013, ¶¶ 18, 20, 25.[3]

The 2009 monovalent H1N1 vaccine is not a vaccine listed in the Vaccine Table. See Fitzgerald v. Sec'y of Health & Human Servs., No. 12-493V, 2012 WL 6861329 (Fed. Cl. Spec. Mstr. Dec. 19, 2012) (dismissing claim involving H1N1 vaccine for failure to state a claim upon which relief may be granted); Aguayo v. Sec'y of Health & Human Servs., No. 12-563V, 2013 WL 441013 (Fed. Cl. Spec. Mstr. Jan. 15, 2013). This claim is dismissed.

B.   Trivalent Seasonal Influenza Vaccine

On the same day that Ms. Morris Sabin received the monovalent H1N1 vaccine, she also received a vaccination for seasonal influenza. Exhibit 2. Although her petition does not focus on this vaccination, she may have intended to allege that the trivalent influenza vaccine harmed

---

[3] In this context, Ms. Morris Sabin refers to a "World Wide side effect of Narcolepsy with Cataplexy, in relation to vaccine, H1N1 AS03." Pet'r's Second Resp. ¶ 18. Presumably, Ms. Morris Sabin is referring to reports from Europe. According to a statement from the Centers for Disease Control and Prevention, which the Secretary submitted as exhibit A, European researchers reported an increased incidence of narcolepsy with a vaccination against H1N1, known as Pandemrix. According to the CDC's statement, the United States government did not license Pandemrix for use in this country. The accuracy and reliability of Ms. Morris Sabin's allegation regarding "World Wide" reports and the Secretary's discussion of Pandemrix are otherwise beyond the scope of this decision.

3

her. To the extent that the petition raised this issue, the Secretary argues that Ms. Morris Sabin filed her petition beyond the time permitted by the statute of limitations.

In the Vaccine Program, the petition must be filed within "the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of [the alleged] injury." 42 U.S.C. § 300aa–16(a)(2). Here, since the petition was filed on August 29, 2013, her petition would be timely only if the first symptom occurred before August 30, 2010.

However, the Secretary argues that Ms. Morris Sabin experienced symptoms of narcolepsy by no later than December 22, 2009. See Resp't's Mot. to Dismiss at 5-6. Ms. Morris Sabin has not argued that the symptoms the Secretary identified were not symptoms of her narcolepsy. See Pet'r's First Resp.[4] Consequently, the Secretary has established the basic facts for dismissing the case due to an untimely filing of the petition. The remaining question is whether Ms. Morris Sabin may rely upon equitable tolling.

C. Equitable Tolling

In Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1344-45 (Fed. Cir. 2011) (en banc), the Federal Circuit recognized that, as a matter of law, equitable tolling could prevent a case from being dismissed due to the failure to comply with the statute of limitations. The Federal Circuit also stated that "extraordinary circumstances" would justify equitable tolling and found that the facts in Cloer did not justify equitable tolling.

Here, Ms. Morris Sabin invokes equitable tolling for two reasons. First, she argues that she was not aware of the association between the H1N1 vaccine and narcolepsy until shortly before she filed her petition. Second, she argues that equitable tolling is appropriate when there is a fiduciary relationship, such as with a doctor and patient. Neither argument is persuasive.

First, with respect to Ms. Morris Sabin's lack of awareness, the facts of her case are essentially analogous to the facts in Cloer.

Second, Ms. Morris Sabin has not established a fiduciary relationship between the Secretary and her. She has not established that the government was obligated to warn her about any potential adverse effects of her vaccinations such that the breach of this duty would support equitable tolling. Consequently, the Secretary's motion to dismiss any claim based upon the trivalent influenza vaccination is granted. See Wax v. Sec'y of Health & Human Servs., 108 Fed. Cl. 538 (2012) (denying motion for review of decision granting motion to dismiss).

---

[4] Although Ms. Morris Sabin's First Response is ostensibly a response about the statute of limitations, it actually presents facts that are relevant to equitable tolling. Effectively, it duplicates Ms. Morris Sabin's Second Response. Her arguments about equitable tolling are discussed in the following section.

4

IV.     Conclusion

Ms. Morris Sabin may not proceed on a claim that the H1N1 monovalent vaccination given to her in 2009 harmed her because the Vaccine Program does not compensate injuries caused by that particular vaccine during the 2009-10 flu season.  Ms. Morris Sabin also may not proceed on a claim that a trivalent influenza vaccination given to her in 2009 harmed her because she filed her claim outside the time permitted by the statute of limitations and she cannot rely upon equitable tolling.

Consequently, her petition is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Christian J. Moran
Christian J. Moran
Special Master